UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN ANDERSON,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY UTTECHT; MAURO PARTIDA; and LORI WONDERS,<br><br>　　　　　　　　Defendants. | NO:  CV-13-5144-RMP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT AND GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT are Plaintiff's Motion to Amend the Complaint, ECF No. 14, and Defendants' Motion to Dismiss, ECF No. 9.  The motions were heard without oral argument.  Plaintiff is appearing *pro se* in this matter. Defendants are represented by Assistant Attorney General Brian J. Considine.  The Court has considered the briefing and the file, and is fully informed.

BACKGROUND

Plaintiff, a prisoner at the Coyote Ridge Corrections Center (CRCC) in Connell, Washington, was involved in a state court domestic proceeding wherein

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 1

in his ex-wife sought a protection order against him based on allegations of harassment.  The protection order was ultimately entered.  Plaintiff alleges that the Defendants, who are employed in connection with CRCC, denied him the ability to adequately defend against the protection order proceedings.  Specifically, Plaintiff claims that Defendants did not take adequate steps to assist him in playing an audio CD from the proceedings for the purposes of transcribing the contents of the CD and did not allow him adequate access to the prison law library for the purpose of drafting a motion for reconsideration related to the proceedings.

      Plaintiff filed an action in Franklin County Superior Court alleging that Defendants had violated his First Amendment right to access the courts and Fourteenth Amendment right to equal protection.  ECF No. 1-1 at 13-20.  Plaintiff specifically alleged that the defendant prison employees and officials had violated his constitutional rights by denying him access to an audio CD of legal proceedings and the law library.  *Id.*

      Defendants filed a notice of appearance in the Franklin County action and removed the action to federal court.  ECF No. 1-1 at 26-29.  Defendants filed an Answer to Plaintiff's Complaint after removal.  ECF No. 2.  Defendants later filed a Motion to Dismiss and to Stay Discovery, ECF No. 9.  While Defendants' motion to dismiss was pending, Plaintiff filed a Motion to Amend the Complaint,

1  ECF No. 14, along with a copy of his Proposed First Amended Complaint.  ECF
2  No. 14-1.

3  Plaintiff's Proposed First Amended Complaint differs from his original
4  Complaint by including more information related to his state domestic cases and
5  by providing additional allegations regarding Plaintiff's request to listen to his
6  legal proceedings CD and to access the law library to file a motion for
7  reconsideration.  ECF No. 14-1.  Plaintiff also appears to abandon his equal
8  protection claim in his Proposed First Amended Complaint as the proposed
9  amended pleading makes no explicit reference to that cause of action nor does it
10 allege sufficient facts giving rise to an equal protection claim.  *Id.*

11 Plaintiff's response to Defendants' motion to dismiss focused on the First
12 Amended Complaint in arguing that the Court should deny Defendants' motion to
13 dismiss.  ECF No. 11.  Defendants similarly referenced Defendants' First
14 Amended Complaint in their reply.  ECF No. 15.

15                              DISCUSSION

16 The Court first evaluates whether Plaintiff's Motion to Amend the
17 Complaint should be granted, and concludes that Plaintiff should be given leave to
18 amend.  Because the parties argued Defendants' Motion to Dismiss as it related to
19 Plaintiffs' First Amended Complaint, and because Defendants contend that any
20 amendment to Plaintiff's original Complaint would be futile, ECF No. 16, the

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO
DISMISS ~ 3

1  Court will evaluate Defendants' Motion to Dismiss as it relates to the First

2  Amendment Complaint.

3  Because Plaintiff is appearing *pro se* in this action, the court liberally

4  construes his pleadings. *E.g.*, *silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir.

5  2011).

6  **A. Plaintiff's Motion to Amend the Complaint**

7  Plaintiff moved to amend his complaint more than 21 days after the

8  Defendants filed their Answer. Therefore Plaintiff is not entitled to amendment as

9  of right under Civil Rule 15(a)(1), and must instead obtain leave of the Court to

10  amend pursuant to Civil Rule 15(a)(2). "The court should freely give leave [to

11  amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

12  Defendants recognize the liberal amendment rules, but argue that Plaintiff's

13  motion to amend should be denied because the alleged deficiencies in Plaintiff's

14  original complaint cannot be cured by amendment. *See, e.g.*, *Leadsinger, Inc. v.*

15  *BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (leave to amend may be

16  denied where any amendment would be futile). Defendants' arguments on futility

17  are based on the same arguments raised in Defendants' motion to dismiss

18  Plaintiff's original complaint. ECF No. 16.

19

20

The Court concludes that Plaintiff should be granted leave to amend under Civil Rule 15(a)(2) and will treat Plaintiff's Proposed First Amended Complaint as the relevant pleading in evaluating Defendants' motion to dismiss.

### B. Defendants' Motion to Dismiss

Defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." A motion brought under Rule 12(c) is "functionally identical" to a motion brought pursuant to Federal Rule of Civil Procedure 12(b). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The principal difference between a Rule 12(b) and a Rule 12(c) motion is the time of filing. *Id.* Here, Defendants' motion is equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Plaintiff is an inmate who is proceeding *pro se*, his complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "[W]here the petitioner

is *pro se*, particularly in civil rights cases, [the court must] construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Id.* (quoting *Bretz v. Kelman*, 772 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).  Thus, Plaintiff's complaint may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Silva*, 658 F.3d at 1101.

Defendants contend that Plaintiff's First Amended Complaint should be dismissed because Plaintiff 1) fails to allege the personal participation of Defendant Uttecht; 2) fails to sufficiently allege an access to courts claim; and 3) fails to state a Fourteenth Amendment Equal Protection claim.  ECF Nos. 9, 15, 16.  Defendants additionally contend that they are entitled to qualified immunity because they did not violate a clearly established right.  ECF No. 9 at 16-19.  Because the Court concludes that Plaintiff has failed to adequately state a claim for access to the courts or for equal protection, the Court will not address Defendant Uttecht's personal participation or whether the Defendants violated a clearly established right for the purposes of qualified immunity.

*1. Plaintiff's access to courts claim*

Prisoners have a First amendment right of access to the courts. *Silva*, 658 F.3d at 1101-02.  The Ninth Circuit differentiates between two types of access to court claims: (1) "those involving prisoners' rights to affirmative *assistance*"; and

1   (2) "those involving prisoners' rights to litigate without active *interference*." *Id.* at 1102 (emphasis in original).

Affirmative assistance is required when a prisoner seeks "to attack their sentences, [either] directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)). In those cases, prison authorities are required "to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* (quoting *Bounds v. smith*, 430 U.S. 817, 828 (1977)). However, a prisoner's right to affirmative assistance is limited to the pleading stage. *Id.*

In other cases, prison authorities are prohibited from active interference because "the First Amendment right to petition the government includes the right to file other civil actions in court that have a reasonable basis in law or fact." *Id.* (quoting *Snyder v. Nolen*, 380 F.3d 279, 290 (7th Cir. 2004)). Prison authorities are not required to provide affirmative assistance in these instances, but they are forbidden from "erect[ing] barriers that impede the right of access of incarcerated persons." *Id.* at 1102-03 (quoting *John L. v. Adams*, 969 F.2d 228, 235 (6th Cir. 1992)). A prisoner's First Amendment right to access the courts without undue interference "extend[s] beyond the pleading stages." *Id.* (citations omitted).

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 7

Plaintiff contends that Defendants violated his right to access the courts by denying him access to the prison's law library and by failing to adequately assist him in listening to an audio CD related to his state court proceedings.

Plaintiff's claim based on the alleged denial of access to the prison's law library must fail. In *Lewis v. Casey*, the Supreme Court recognized that the right to affirmative assistance, such as providing access to law libraries, "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." 518 U.S. at 355. Rather, such tools need be provided only where inmates seek "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id.* Plaintiff's allegations in this case relate to a state court domestic proceeding wherein the Plaintiff's ex-wife obtained a protection order against Plaintiff based on allegations of harassment. ECF No. 14-1 at 3-10. A case involving a state protection order is not the type of case requiring affirmative assistance under *Lewis v. Casey*; thus prison officials were not required to provide affirmative assistance in the form of an adequate law library. *See* 518 U.S. at 355.

Moreover, Plaintiff alleges that he wished to access the law library for the purpose of drafting a motion for reconsideration from the Superior Court's denial of his request for a new trial in the domestic matter. ECF No. 14-1 at 8-10.

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 8

1  Plaintiff has not alleged any facts to show that his motion for reconsideration had a

2  reasonable basis in law or fact. *See Silva*, 658 F.3d at 1102-03. Plaintiff's burden

3  is especially high in this regard because, under Washington law, the granting or

4  denial of a motion for reconsideration lies within the sound discretion of the trial

5  court. *E.g.*, *Lilly v. Lynch*, 88 Wn. App. 306, 321 (1997).

6      Similarly, Plaintiff's claim with regard to the audio CD of his legal

7  proceedings cannot be based on an alleged failure to provide active assistance

8  because his case was not a direct criminal appeal, collateral attack, or conditions of

9  confinement case. *See Lewis*, 518 U.S. at 355. Plaintiff nonetheless claims that

10 Defendants unduly interfered with his right to access the court by erecting barriers

11 that prevented him from listening to the audio CD of his legal proceedings. But

12 Plaintiff alleges in his Complaint that he was given the option to "mail the CD

13 out," presumably to have a transcript made, and that he did in fact "mail[] out his

14 legal CD per Mr. Partida's demand." Plaintiff's claim is not predicated on an

15 allegation that Defendants actively prohibited him from getting the CD transcribed,

16 but rather that Defendants "refus[ed] to provide [Plaintiff] the equipment needed to

17 access his DOC approved legal CD." ECF No. 14-1 at 12.[1] This is the type of

---

[1] The Court notes for the record that Defendants Partida and Wonders did attempt to assist the Plaintiff in playing the audio CD but that the CD did not work on the particular equipment used. Plaintiff admits this fact but asserts that Defendants were required to assist him further by locating equipment upon which the CD could be played.

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 9

active assistance Defendants were not obligated to provide for a domestic protection order case.

Nor has Plaintiff showed that he suffered any injury as a result of the alleged denial of access to the legal CD.  Plaintiff explains that accessing the CD was necessary because the superior court had "informed Mr. Anderson that [the] original recording of the district court hearing had not been received, and Mr. Anderson would need to provide the court with a complete transcription of that hearing before his appeal could proceed." ECF No. 14-1 at 6.  But Plaintiff later stated in the Complaint that he "motioned the superior court for a new trial based on the docket showing that the court had received the recording." *Id.* at 7.  Thus it appears from Plaintiff's own allegations that the court had the recording and Plaintiff's transcription of the hearing was unnecessary.  Furthermore, Plaintiff has not alleged that the superior court would have permitted him to file a self-transcribed recording of the proceedings as the official record on appeal even if the Defendants had provided the special equipment that Plaintiff needed to listen to the CD.

The Court concludes that Plaintiff has not alleged facts that would entitle him to relief on an access the courts claim.

2. *Plaintiff's equal protection claim*

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 10

Plaintiff appears to have abandoned his equal protection claim in his First Amended Complaint, as the amended complaint contains no reference to such a claim while his original complaint included two claims expressly alleging denial of equation protection. *Compare* ECF No. 14-1 *with* ECF No. 1-1 at 14-18. Moreover, even if Plaintiff had intended to pursue an equal protection claim, he has not sufficiently alleged that Defendants intentionally treated him differently from others who were similarly situated without a rational basis, or intentionally discriminated against him on the basis of his membership in a protected class. *See North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005).

In his First Amended Complaint, Plaintiff alleged that while he was housed at Airway Heights Corrections Center (AHCC), before his transfer to Coyote Ridge Corrections Center (CRCC), he "was able to access his legal CD through the facility's law library where a computer was setup exclusively for allowing inmates to view/listen to legal CD's" and that he "witnessed other inmates use this computer, and used it himself, to access legal material." ECF No. 14-1 at 6. Plaintiff further alleged that he had "previously witnessed inmates at CRCC use one specific computer set off to the side while listening to headphones, and he recognized this as similar to AHCC's procedure." *Id.* at 8. Plaintiff alleges that

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 11

Defendant Partida "insisted on personally taking [Plaintiff's] legal CD to the law library himself to 'review if [Plaintiff] could access it.'"

Plaintiff cannot establish an equal protection claim on the basis that prisoners housed at other facilities, such as AHCC, may receive better access to their legal proceeding CDs than him, because of differing equipment in the two facilities. In addition, there is no allegation that those prisoners are similarly situated to Plaintiff. Nor has Plaintiff adequately alleged an equal protection claim based on different treatment from other prisoners at CRCC because he has not alleged sufficient facts to infer that he was intentionally treated differently without a rational basis. *See North Pacifica LLC*, 526 F.3d at 486.

Therefore, assuming arguendo that Plaintiff in fact intended to continue pressing the equal protection claim in his First Amended Complaint, Defendants are entitled to dismissal of Plaintiff's equal protection claim.

**C. Other Pending Motions**

Also pending before the Court is Plaintiff's Motion for Enlargement of Time, ECF No. 12, and Motion to Compel Discovery, ECF No. 13. Plaintiff filed both motions after Defendants filed their Motion to Dismiss. These motions are now moot because Plaintiff's First Amended Complaint has been dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Amend the Complaint, **ECF No. 14**, is **GRANTED**.

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 12

2. Defendants' Motion to Dismiss, **ECF No. 9**, is **GRANTED**.

3. Plaintiff's Motion for Enlargement of Time, **ECF No. 12**, is **DENIED AS MOOT**.

4. Plaintiff's Motion to Compel Discovery, **ECF No. 13**, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

The District Court Clerk is hereby directed to enter this Order, **close this case**, and to provide copies of this Order to counsel and *pro se* Plaintiff.

**DATED** this 10th day of July 2014.

       *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER GRANTING MOTION TO AMEND AND GRANTING MOTION TO DISMISS ~ 13